LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**BURNHAM BROWN**
A Professional Law Corporation
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
---
Telephone:     (775) 398-3065
Facsimile:     (877) 648-5288
Email:         lrivera@burnhambrown.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BODOVINAC, an individual, | Case No. |
| Plaintiff, | |
| v. | **DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL** |
| HOME DEPOT U.S.A., INC.; DOES I - X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC.  ("Home Depot") by and through its counsel of record, Lynn Rivera, hereby petitions for the removal of the above-captioned action from the Eighth Judicial District Court in Clark County, Nevada to the United States District Court for the District of Nevada, Las Vegas, for the reasons described below:

1.      Home Depot is a defendant in a civil action pending in the Eighth Judicial District Court of the Clark County, Nevada entitled Thomas Bodovinac v. Home Depot, U.S.A., Inc., et al., Case No. A-20-820558-C.  See Declaration of Lynn Rivera in support of Home Depot's Petition for Removal. ("Rivera Dec."), ¶¶ 2-3, Exhibit A.

1    2.    Plaintiff filed a complaint naming Defendant Home Depot on September 2,

2    2020.  <u>See</u> Rivera Dec., ¶ 2, Exhibit A.

3    3.    Home Depot was served with the summons and complaint on September 4, 2020

4    2020.  <u>See</u> Rivera Dec. ¶ 4.

5    4.    Home Depot filed a timely answer to the Plaintiff's complaint in Clark County

6    District Court. Home Depot was afforded an extension of time to respond to the Complaint

7    until October 8th.  <u>See</u> Rivera Dec., ¶¶ 4-6, Exhibit B.

8    5.    Plaintiff alleges in the Complaint that he is a resident of Clark County, Nevada.

9    <u>See</u> Rivera Dec., ¶ 1, Exhibit A.

10    6.    Plaintiff alleges that Defendant Home Depot is a domestic corporation but Home

11    Depot denied this allegation and is, in fact, a foreign corporation doing business in Nevada.  <u>See</u>

12    Rivera Dec., ¶ 8, Exhibit A.

13    7.    Plaintiff alleges one cause of action against Defendant Home Depot for

14    negligence. <u>See</u> Rivera Dec., ¶ 10, Exhibit A.

15    8.    Plaintiff alleges that on November 21, 2019, while inside the Subject

16    Premises located at the Home Depot store at 7015 Arroyo Crossing Parkway, Las Vegas,

17    Nevada on November 21, 2019.  Specifically, Plaintiff alleges that he slipped and fell on a

18    dangerous condition of the property and Home Depot failed to warn of a dangerous

19    condition.  <u>See</u> Rivera Dec., ¶ 8, Exhibit A.

20    9.    On August 5, 2020, Plaintiff provided Home Depot with a confidential pre-

21    litigation settlement demand.  The confidential settlement demand placed Home Depot on

22    notice that the amount in controversy in this matter exceeded $75,000.  <u>See</u> Rivera Dec., ¶ 13.

23    10.    Prior to the receipt of the confidential settlement demand, Home Depot was

24    unable to determine that the amount in controversy exceeded $75,000. <u>See</u> Rivera Dec., ¶ 14.

25    11.    On October 2, 2020, Home Depot filed a timely answer to the Plaintiff's

26    complaint in Clark County District Court, Nevada.  <u>See</u> Rivera Dec., ¶¶ 4-6, Exhibit B.

27    **JURISDICTION**

28    12.    This matter is removable pursuant to 28 U.S.C. Sections 1332 and 1446(b)

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL    CASE NO.
AND DEMAND FOR JURY TRIAL

1  because the amount in controversy is alleged to exceed $75,000, exclusive of interests and

2  costs.  See Rivera Dec., ¶¶ 13-14.

3      13.     This is a civil action over which this Court has original jurisdiction under 28

4  U.S.C. § 1332. This case may be removed to this Court by Home Depot pursuant to the

5  provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal

6  court because it is a civil action between citizens of different states, and that the amount in

7  controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff and Defendant

8  Home Depot, are, and have been, citizens of different states at all times, and therefore, complete

9  diversity exists in this action, as stated below:

10      14.     **Plaintiff's Citizenship**:  Plaintiff is a citizen of the State of Nevada because he

11  resides and is domiciled in Clark County, Nevada.  See Rivera Dec., ¶ 7. For purposes of

12  evaluating diversity, a person is a "citizen" of the state in which he is domiciled. See Kantor v.

13  Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); Kantor v. Warner-Lambert Co., 265

14  F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he resides with the intent to

15  remain). Accordingly, Plaintiff is a citizen of the State of Nevada.

16      15.     **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation

17  "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the

18  State. . .where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).  In accordance

19  with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990),

20  if one state does not contain a substantial predominance of corporate operations, courts are to

21  apply the "nerve center" test to determine a corporation's principal place of business. Tosco

22  Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The national

23  corporation's principal place of business is determined by identifying the state "where the

24  majority of the corporation's executives and administrative functions are performed." Id. This

25  test is particularly appropriate where a corporation's activities are widespread and its operations

26  are conducted in many states. Indus. Tectonics, Inc.  v. Aero Alloy, 912 F.2d 1090, 1094 (9th

27  Cir. 1990). Here, Defendant Home Depot's associates, sales, production activities, income, and

28  purchases are spread across multiple states and no one state substantially predominates.  See

3

Rivera Dec., ¶ 9.  Home Depot's corporate offices are located in Atlanta, Georgia, and the majority of Home Depot's executives, managerial and administrative functions occur in Atlanta, Georgia. Rivera Dec., ¶ 9.

16.     Defendant Home Depot is a corporation incorporated under the laws of the Delaware, with its headquarters and its principal place of business in Atlanta, Georgia.  Home Depot's executive officers and senior management were and are located at Home Depot's Headquarters in Atlanta.  At all times material hereto, Home Depot's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development were and are performed at and promulgated from Home Depot's Headquarters in  Atlanta, Georgia. See Rivera Dec., ¶ 9. Accordingly, Home Depot is a citizen of Georgia.  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994) (ruling that corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

**AMOUNT IN CONTROVERSY**

17.     On August 5, 2020, Home Depot received a confidential settlement demand from the Plaintiff affording it notice that the amount in controversy in this matter exceeded $75,000.  See Rivera Dec. ¶ 13.  Prior to the receipt of the demand, Home Depot was unable to determine that the amount in controversy in this matter exceeded $75,000. (Rivera. Dec, ¶¶ 13-14). The conveyance of the confidential settlement demand placed Home Depot on notice that the amount in controversy in this matter exceeded $75,000.

18.     This Notice of Removal is timely filed under 28 U.S.C. section 1446 (b) (3) in that Home Depot removes this matter, pursuant to FRCP 26, within 30 days of receipt of Plaintiff's confidential settlement demand received on October 10, 2018.  Ballard v. Best Buy Stores, L.P., 2015 U.S. Dist. LEXIS 9878 (D. Nev. Jan. 27, 2015) (petition for removal was timely because it was served within 30 days of the defendant's actual notice of the damages

exceeding $75,000). Prior to receipt of the settlement demand, Home Depot had no notice that the amount in controversy exceeded $75,000.  <u>See</u> Rivera Decl., ¶ 13.

19.    Therefore, this Petition for Removal is timely filed pursuant to FRCP 26(a)(1)(c) within 30 days of receipt of Plaintiff's confidential demand dated August 2, 2020.

<u>**NOTICE TO ADVERSE PARTIES**</u>

20.    Defendant's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case No. A-18-779607-C in the Eighth Judicial District Court, in and for the County of Clark, Nevada.

21.    Pursuant to the provisions of U.S.C. section 1446, Defendant attach herewith and incorporate herein by reference, copies of the following documents from the Clark County District Court file and/or documents served by and upon the Defendant in this action:

(a)  Plaintiff's Complaint (a true and correct copy of which is attached hereto as Exhibit 1);

(b) Home Depot's Answer to Plaintiff's Complaint (a true and correct copy of which is attached hereto as Exhibit 2); and

(c) Declaration of Lynn Rivera (a true and correct copy of which is attached hereto as Exhibit 3).

<u>**NOTICE TO PLAINTIFF AND STATE COURT**</u>

22.    Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Eighth Judicial District Court in and for the County of Clark, State of Nevada in accordance with 28 U.S.C. Section 1446(d).

<u>**DEMAND FOR JURY TRIAL**</u>

23.    Defendant demands a jury trial of twelve jurors pursuant to FRCP 48.

<u>**PRAYER**</u>

WHEREFORE, Defendant prays that the above-entitled action, currently pending in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, be removed to the United States District Court for the District of Nevada, and that this action proceed in this

1    Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

2

3    DATED: October 2, 2020                                BURNHAM BROWN

4

5                                                          By /s/ Lynn V. Rivera
                                                              LYNN V. RIVERA, ESQ.
6                                                             NEVADA BAR NO. 6797
                                                              200 S. Virginia Street, 8th Floor
7                                                             Reno, Nevada 89501
                                                              Attorneys for Defendant
8                                                             HOME DEPOT U.S.A., INC.

9    4836-2806-8547, v. 1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
6

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL      CASE NO.
AND DEMAND FOR JURY TRIAL

# EXHIBIT 1

SUMM

## DISTRICT COURT
## CLARK COUNTY, NEVADA

THOMAS BODOVINAC, an individual, )
)
Plaintiff, )       CASE NO.: A-20-820558-C
)       DEPT. NO.: 8
vs. )
)
HOME DEPOT, U.S.A., INC.; DOES I – X; and ROE )
CORPORATIONS I - X, inclusive, )
)
Defendants. )
_____ )

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

## HOME DEPOT, U.S.A., INC.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**HICKS & BRASIER, PLLC**

STEVEN D. GRIERSON
CLERK OF COURT

By: /s/ Steven M. Rogers                                                    9/2/2020
Steven M. Rogers, Esq.
2630 S. Jones Blvd.                            Deputy Clerk                    Date
Las Vegas, NV 89146                           County Court House
*Attorneys for Plaintiff*                     200 Lewis Avenue
                                              Las Vegas, Nevada 89155
                                              Robyn Rodriguez

NOTE: When service is by publication, add a brief statement of the object of the action. See NRCP 4(b).   *Revised 03/99/jb*

Electronically Filed
9/2/2020 7:23 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
STEVEN M. ROGERS, ESQ.
Nevada Bar No. 10975
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax: (702) 960-4118
E-Mail: srogers@lvattorneys.com
*Attorneys for Plaintiff*

CASE NO: A-20-820558-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

THOMAS BODOVINAC, an individual,

    Plaintiff,

vs.

HOME DEPOT, U.S.A., INC.; DOES I –
X; and ROE CORPORATIONS I - X,
inclusive,

    Defendants.

CASE NO:
DEPT. NO:

**COMPLAINT**

Plaintiff, THOMAS BODOVINAC, by and through his counsel, STEVEN M. ROGERS, ESQ. of HICKS & BRASIER, PLLC, complains and alleges as follows:

## GENERAL ALLEGATIONS

1.    That Plaintiff THOMAS BODOVINAC (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2.    That Defendant HOME DEPOT, U.S.A., INC. (hereinafter "Defendant") is, and at all times mentioned herein was, a Domestic Corporation entity conducting business in the County of Clark, State of Nevada.

3.    The actions complained of herein took place in Clark County, Nevada.

1

4.    That Defendant HOME DEPOT, U.S.A., INC. or Defendants DOES 1-6 or ROE BUSINESS ENTITIES 1-6 are other owners or operators of the property located in at approximately 7015 Arroyo Crossing Parkway, Las Vegas, NV 89113, and at all times mentioned herein was, a Nevada corporation or other business entity, licensed to do business in the County of Clark, State of Nevada.

5.    That Defendant HOME DEPOT, U.S.A., INC. or Defendants DOES 7-10 and ROE BUSINESS ENTITES 7-10 are the managers or controllers of common areas of the Property.

6.    That Defendant HOME DEPOT, U.S.A., INC. or Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

7.    That Defendant HOME DEPOT, U.S.A., INC. or Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the installation and construction of the area on the Property where the subject incident occurred.

8.    That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9.    That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

10.    On November 21, 2019, Plaintiff THOMAS BODOVINAC was an invitee of Defendant at the HOME DEPOT, U.S.A., INC., located at 7015 Arroyo Crossing Parkway, Las Vegas, NV 89113 (hereafter the "Property").

11.     Defendants maintained and were in control of the Property.

12.     While visiting the Property, Plaintiff THOMAS BODOVINAC slipped and fell on the Property (hereafter the "dangerous condition").

13.     Defendants knew or should have known of the dangerous condition and/or created dangerous condition.

14.     Defendants should have made the dangerous condition safe because that condition was non-obvious to Plaintiff.

15.     Defendants should have warned Plaintiff of the dangerous condition.

16.     Defendants negligently, carelessly, and recklessly maintained, constructed and allowed the dangerous condition to exist.

## FIRST CAUSE OF ACTION

17.     Plaintiff incorporates paragraphs 1 through 16 of the Complaint as if those paragraphs were fully incorporated herein.

18.     Defendants owed Plaintiff a duty of care to warn Plaintiff of the dangerous condition, or to remedy the dangerous condition.

19.     Defendants breached this duty of care by failing to warn Plaintiff of the dangerous condition, or by failing to remedy the dangerous condition.

20.     Defendants' negligence directly and proximately caused Plaintiff serious injury.

21.     As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained in the fall, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.

22.     As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

23.     As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause, physical impairment, mental anguish, and loss of enjoyment of life.

3

24. Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

WHEREFORE, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $15,000.00;

2. For special damages in an amount in excess of $15,000.00;

3. For reasonable attorneys' fees and costs;

4. For interest at the statutory rate; and

5. For such other relief as the Court deems just and proper.

DATED THIS 2nd day of September, 2020.

**HICKS & BRASIER, PLLC**

_/s/ Steven M. Rogers_
STEVEN M. ROGERS, ESQ.
Nevada Bar No. 10975
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
_Attorneys for Plaintiff_

4

# EXHIBIT 2

Electronically Filed
10/2/2020 10:11 AM
Steven D. Grierson
CLERK OF THE COURT

1  ANS
   LYNN V. RIVERA, ESQ.
2  NEVADA BAR NO. 6797
   **BURNHAM BROWN**
3  A Professional Law Corporation
   200 S. Virginia Street, 8th Floor
4  Reno, Nevada 89501
   ---
5  Telephone:      (775) 398-3065
   Facsimile:      (877) 648-5288
6  Email:          lrivera@burnhambrown.com

7  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

8

9

10              EIGHTH JUDICIAL DISTRICT COURT

11                  CLARK COUNTY, NEVADA

12  THOMAS BODOVINAC, an individual,     Case No. A-20-820558-C

13              Plaintiff,               Dept. No. 8

14  v.                                   **DEFENDANT HOME DEPOT U.S.A.,
                                         INC.'S ANSWER TO PLAINTIFF'S**
15  HOME DEPOT U.S.A., INC.; DOES I - X; **COMPLAINT**
    and ROE CORPORATIONS I through X,
16  inclusive,

17              Defendants.

18

19        Defendant HOME DEPOT U.S.A., INC. ("Defendant"), by and through its counsel of

20  Record, Lynn Rivera, of Burnham Brown, a Professional Law Corporation, in answer to Plaintiff

21  THOMAS BODOVINAC's ("Plaintiff") Complaint on file herein, hereby admits, denies, and

22  alleges as follows:

23                        **GENERAL ALLEGATIONS**

24        1.    Defendant is without sufficient knowledge to form a belief as to the truth or

25  falsity of the allegations in Paragraph 1 of Plaintiff's Complaint.

26        2.    Defendant admits in part and denies in part the allegations contained in Paragraph

27  2 of Plaintiff's Complaint. Defendant admits it is a Corporation conducting business in Clark

28  County, Nevada. Defendant denies that it is a Domestic Corporation.

3.      Defendant admits the allegation in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits in part and denies in part the allegations contained in Paragraph 4 of Plaintiff's Complaint.  Defendant admits that it operates the Home Depot store located at 7015 Arroyo Crossing Parkway, Las Vegas, Nevada 89113. Defendant is without sufficient knowledge to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 4 of Plaintiff's Complaint, and on this basis, denies the same.

5.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits in part and denies in part the allegations contained in Paragraph 11 of Plaintiff's Complaint.  Defendant admits that it maintains the Property. Defendant is without sufficient knowledge to form a belief as to the truth or the falsity of the remainder of the allegations in Paragraph 11 of Plaintiff's Complaint, and on this basis, denies the same.

12.     Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint

///

**FIRST CAUSE OF ACTION**

17.     Defendant incorporates by reference its responses to Plaintiff's allegations in paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.     The allegations in Paragraph 18 involve a question of law and, therefore, no response is required.  To the extent that a response is required, Defendant admits that it owed a duty of care to warn or remedy dangerous conditions.

19.      Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint

21.     Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The negligence of Plaintiff caused or contributed to any injuries or damages that Plaintiff may have sustained; and the negligence of Plaintiff in comparison with the alleged negligence of this Defendant, if any, requires that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

<u>THIRD AFFIRMATIVE DEFENSE</u>

That the injuries sustained by the Plaintiff, if any, were caused by acts of unknown third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff had knowledge of and was fully aware of the risk, and assumed any risk incident thereto by a voluntary use thereof. The injuries alleged by Plaintiff were caused by and arose out of such risk.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that any damages or injuries suffered by Plaintiff were proximately caused by the intervening and superseding actions of other parties, not Defendant, and that those intervening and superseding actions bar Plaintiff's recovery against Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from alleging the matters set forth in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that it has performed and discharged any and all obligations and legal duties arising out of the matters set forth in the Complaint.

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff misused the Product in a manner that was not foreseeable to the Defendant.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by reason of his complaint on file herein;

2.     For reasonable attorney fees;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

///

<u>AFFIRMATION</u>

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding pleading **does not contain the social security number of any person**.


DATED this 2nd day of October, 2020         BURNHAM BROWN

                                            By_____
                                               LYNN V. RIVERA
                                               Nevada Bar No. 6797
                                               200 S. Virginia Street, 8th Floor
                                               Reno, Nevada 89501
                                               Telephone: (775) 398-3065
                                               Attorneys for Defendant
                                               HOME DEPOT U.S.A., INC.

4817-1858-1709, v. 1

DEF HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT         CASE NO. A-20-
                                                                     820558-C

## **CERTIFICATE OF SERVICE**

*Thomas Bodovinac v. Home Depot U.S.A., Inc., et al.*
Eighth Judicial District Court, County of Clark Case No. A-20-820558-C

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

to be served on all parties to this action by:

☒ **E-SERVE**:  By transmitting a true copy via electronic means upon all eligible electronic recipients, through the 8th Judicial District Court, Clark County's electronic service (Odyssey), designated below.

| | |
|---|---|
| Steven M. Rogers, Esq.<br>HICKS & BRASIER, PLLC<br>2630 S. Jones Boulevard<br>Las Vegas, Nevada 89146<br>Phone: (702) 628-9888<br>Fax: (702) 960-4118<br>E-Mail: srogers@lvattorneys.com | Attorneys for Plaintiff<br>THOMAS BODOVINAC |

Dated:  October 2, 2020

*Peggy Ortega*
_____
An employee of BURNHAM BROWN

4817-1858-1709, v. 1

# EXHIBIT 3

## CERTIFICATE OF SERVICE

*Thomas Bodovinac v. Home Depot U.S.A., Inc., et al.*
United States District Court, Nevada, Case No.

Pursuant to NRCP 5(b), I certify that I am an employee of Burnham Brown, and that on this date, I caused the foregoing:

**DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR JURY TRIAL**

to be served on all parties to this action by:

☒   **BY E-FILING** (USDC, District Court, District of Nevada): I caused such document(s) to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

| | |
|---|---|
| Steven M. Rogers, Esq.<br>HICKS & BRASIER, PLLC<br>2630 S. Jones Boulevard<br>Las Vegas, Nevada 89146<br>Phone: (702) 628-9888<br>Fax: (702) 960-4118<br>E-Mail: srogers@lvattorneys.com | Attorneys for Plaintiff<br>THOMAS BODOVINAC |

Dated:  October 2, 2020

*/s/ Peggy Ortega*
An employee of BURNHAM BROWN

4843-0613-9085, v. 1

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR JURY TRIAL                    CASE NO.